UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON CHRISTOPHER LONG,

*Plaintiff*,

v.

TRANSWORLD SYSTEMS INC.,

*Defendant*.

Civil Action No. 24-567 (LLA)

**MEMORANDUM OPINION**

This matter is before the court on a motion by Defendant Transworld Systems, Inc. ("TSI") to dismiss the complaint of pro se Plaintiff Jason Christopher Long. For the reasons explained below, the court will grant TSI's motion to dismiss, ECF No. 5, and dismiss the complaint for failure to state a claim. The court will further deny Mr. Long's remaining motions—including his motion for sanctions and to compel discovery, ECF No. 8; motion for default judgment, ECF No. 9; motions to add new exhibits, ECF Nos. 15 & 16; and motion for summary judgment and sanctions, ECF No. 19—either on the merits or as moot in light of this dismissal.

**I.  Background**

In considering the pending motion to dismiss, the court will assume that the facts alleged in Mr. Long's filings are true except "insofar as they contradict . . . matters subject to judicial notice." *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004). Furthermore, because Mr. Long is proceeding pro se, the court will construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). With these principles in mind, the court has drawn the following facts from Mr. Long's filings:

In February 2023, TSI contacted Mr. Long by letter and email claiming that he owed a debt of $250.00 to the Potomac Electric Power Company ("Pepco"). ECF No. 1-2, at 21, 26.[1] Around the same time, TSI "reported [an] unverified collection to LexisNexis." *Id.* at 9.[2] In response, Mr. Long sent TSI a cease-and-desist letter requesting that it "terminate all further contact with [him]." *Id.* at 21. He attached as an exhibit a screenshot of his Pepco account balance, which indicated that he had made payments of $168.73 in December 2022 and $250.00 in January 2023. *Id.* at 23. In January 2024, Mr. Long sent two more letters to TSI alerting them to "several violations of the Fair Debt Collection Practices Act" ("FDCPA"), *id.* at 25, 29, specifically contending that TSI was "inaccurately" reporting a "collection item" to LexisNexis despite his cease-and-desist letter, *id.* at 29.

In February 2024, Mr. Long filed this civil action against TSI in the Superior Court of the District of Columbia, and TSI timely removed the matter to federal court. ECF No. 1; ECF No. 1-2, at 9. Mr. Long seeks injunctive relief in the form of a declaration that TSI violated the law, a cease-and-desist order against TSI, and "[r]emoval of the reported collection amount from [his] LexisNexis consumer report." ECF No. 1-2, at 16. Mr. Long also requests damages in the amount of $50,000 stemming from "privacy rights violations, harassment, negligence, and stress" as well as TSI's "continued silence." *Id.*

---

[1] Mr. Long claims that the debt amount was $416.78. ECF No. 1-2, at 21. That was the original amount of the debt in August 2022, but the collection letter shows that the debt was reduced to $250.00 due to a subsequent $166.78 credit on the account. ECF No. 1-2, at 26.

[2] The LexisNexis document reflects that TSI made an "inquiry" into Mr. Long's consumer file for the purpose of "collections" on February 2, 2023. ECF No. 1-2, at 33.

TSI moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 5. Mr. Long opposed dismissal, and he also filed motions seeking sanctions, to compel discovery, a default judgment, summary judgment, and to add new exhibits. ECF Nos. 8, 9, 15, 16, 19.

## II.    Legal Standards

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Rule 8 protects defendants, ensuring that they have fair notice of the claim brought against them and can adequately defend themselves. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pursuant to Rule 12(b)(6), a complaint may be dismissed if it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).[3] When the plaintiff is pro se, as Mr. Long is here, the court will "liberally construe" his filings. *Erickson*, 551 U.S. at 94. Nevertheless, a pro se plaintiff must adhere to the Federal Rules of Civil Procedure. *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp.3d 23, 27 (D.D.C. 2014). In assessing whether dismissal is warranted, a court considers all of a pro se litigant's filings, including attachments and any opposition filed. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015).

---

[3] In his opposition, Mr. Long cites the standard for summary judgment. ECF No. 7, at 2. That standard does not apply to the court's assessment of a motion to dismiss.

### III.     Discussion

#### A.     TSI's Motion to Dismiss

After considering the parties submissions, including Mr. Long's complaint, opposition, and his various motions and attachments, the court agrees with TSI that Mr. Long has failed to state a claim sufficient to comply with Rule 8 and survive a motion to dismiss under Rule 12(b)(6).

Mr. Long's complaint is too vague and conclusory to articulate a viable legal claim or provide TSI with sufficient notice of the claims against it.  The facts provided are sparse—the court cannot discern what exactly occurred and when, nor how the sequence of events relates to the FDCPA.  Mr. Long repeatedly states that TSI engaged in "harassment" and "negligence" to his detriment, ECF No. 1-2, at 9, 15-16, but such statements are merely "'naked assertion[s]' devoid of 'further factual enhancement'" that the court need not credit.  *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Further, the complaint itself is devoid of citations to the FDCPA such that neither the court nor TSI can "understand whether a valid claim is alleged and if so what it is." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (quoting *Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 96 (D.D.C. 2009)).  Mr. Long generally adverts to the FDCPA but does not identify any section in particular.  *See generally* ECF No. 1-2.  An attachment to his complaint includes handwritten citations to provisions in the U.S. Code but does not explain how they may relate to his claims.  *Id.* at 26.  For example, TSI's logo is circled with a citation to 15 U.S.C. § 1692d(2), which forbids a debt collector from using "obscene or profane language" when contacting debtors. Mr. Long does not explain how TSI's logo, which simply consists of the lowercase letters "tsi," violates this provision.  ECF No. 1-2, at 26.

Mr. Long's opposition does not remedy these deficiencies because although Mr. Long cites case law and FDCPA provisions, he does not provide any factual explanation to clarify how TSI

4

violated the law.  *See generally* ECF No. 7.  Mr. Long states that TSI violated the FDCPA by "fail[ing] to remove negative consumer information from [his] consumer report despite the debt being paid in full and despite . . . [TSI's being] on notice with two separate cease-and-desist letters."  *Id.* at 3.  Construing this argument liberally, Mr. Long could be alleging a violation of 15 U.S.C. § 1692g(b), which requires a debt collector to cease collection activities once it has been notified of a dispute with respect to the debt.  But he does not state that TSI continued to seek collection, rather, he takes issue with the fact that a LexisNexis report contained an entry that TSI had made an inquiry into his credit history in February 2023 for collections purposes.  ECF No. 1-2, at 9.  His citation to Section 1692c(c), ECF No. 7, at 4, which forbids a debt collector from communicating with a consumer after notification that they "wish[] the debt collector to cease further communication," likewise fails because he does not allege that TSI continued to communicate with him after he sent his letters.  To the contrary, he specifically seeks damages for TSI's "continued silence."  ECF No. 1-2, at 16.  Mr. Long also raises a non-FDCPA argument in his opposition, proposing that TSI has no right to enforce a contract for debt between himself and Pepco because TSI is a third-party to the contract devoid of enforcement rights.  ECF No. 7, at 3-4.  As TSI explains in its reply, this argument fails as a matter of law because TSI operates as a debt collector, not a party to the contract.  ECF No. 12, at 2-3.

    Finally, Mr. Long argues that TSI's motion to dismiss should be denied because TSI did not serve the motion on him within fourteen days of its filing, citing Rule 12(a)(4) as the basis for this time limit.  ECF No. 8, at 1; ECF No. 19, at 1.  Rule 12(a)(4) requires a defendant to file an answer to the complaint within fourteen days of a court's action on a Rule 12 motion.  It does not apply in this circumstance because TSI filed a motion to dismiss, not an answer.  Instead, Rules 5(b) and 81(c) govern the timing of filing and service of TSI's motion.  Under Rule 81(c)(2)(C),

TSI had seven days after filing its February 28, 2024 notice of removal to file its motion to dismiss. Its March 6, 2024 motion met this deadline. Under Rule 5(b)(2)(C), TSI could serve Mr. Long by mailing the motion to his "last known address." TSI's counsel certified that he mailed the motion to dismiss to Mr. Long on March 6, 2024. ECF No. 5. Even if delivery was delayed, Mr. Long timely filed an opposition to TSI's motion, which dooms his claim that he "was unable to effectively defend against [TSI's] allegations." ECF No. 8, at 3.

For these reasons, the court will grant TSI's motion to dismiss for failure to state a claim.

### B.     Mr. Long's Motions

While TSI's motion to dismiss was pending, Mr. Long filed a motion for sanctions and to compel discovery, ECF No. 8; a motion for default judgment, ECF No. 9; two motions to add new exhibits, ECF Nos. 15 & 16; and a motion for summary judgment and sanctions, ECF No. 19. In light of the court's dismissal of the complaint, Mr. Long's requests for a default judgment, to compel discovery, and for summary judgment will be denied as moot. And in light of the court's determination that Rule 12(a)(4) did not apply to TSI's motion to dismiss, Mr. Long's requests for sanctions will be denied.

That leaves Mr. Long's two motions to add new exhibits to the record, which seek to add materials showing that TSI does not maintain a debt-collection license in the District of Columbia. *See generally* ECF Nos. 15 & 16. To the extent that Mr. Long is seeking to amend his complaint to include these documents, *see* ECF No. 15, at 2 (seeking to supplement under Federal Rule of Civil Procedure 15(a)(2)); ECF No. 16, at 2 (same), the court denies amendment as futile because consideration of these documents would not overcome TSI's motion to dismiss. *See James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Mr. Long does not explain how licensure is relevant to his claims, and even if it were, these exhibits do not make the assertions in his complaint less vague or conclusory.

## IV. Conclusion

For the foregoing reasons, the court will issue a contemporaneous order granting TSI's motion to dismiss, ECF No. 5, and denying Mr. Long's motions, ECF Nos. 8, 9, 15, 16, 19.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: May 3, 2024