**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JASON CHRISTOPHER LONG,

       *Plaintiff*,

    v.

TRANSWORLD SYSTEMS INC.,

       *Defendant*.

Civil Action No. 24 - 567 (LLA)

## MEMORANDUM OPINION AND ORDER

On May 3, 2024, the court dismissed Plaintiff Jason Christopher Long's pro se action against Transworld Systems Inc. ("TSI"). ECF Nos. 21, 22. Mr. Long now seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). ECF No. 23. For the reasons explained below, the court denies Mr. Long's motion.

## I.    FACTUAL BACKGROUND

The court recounts the facts as described in its previous memorandum opinion. ECF No. 21. In February 2023, TSI contacted Mr. Long by letter and email claiming that he owed a debt of $250.00 to the Potomac Electric Power Company ("Pepco"). ECF No. 1-2, at 21, 26.[1] Around the same time, TSI "reported [an] unverified collection to LexisNexis." *Id.* at 9. In response, Mr. Long sent TSI a cease-and-desist letter requesting that it "terminate all further contact with [him]." *Id.* at 21. He attached as an exhibit a screenshot of his Pepco account balance,

---

[1] Mr. Long claimed that the debt amount was $416.78. ECF No. 1-2, at 21. That was the original amount of the debt in August 2022, but the collection letter shows that the debt was reduced to $250.00 due to a subsequent $166.78 credit on the account. *Id.* at 26.

which indicated that he had made payments of $168.73 in December 2022 and $250.00 in January 2023. *Id.* at 23. In January 2024, Mr. Long sent two more letters to TSI alerting them to "several violations of the Fair Debt Collection Practices Act" ("FDCPA"), *id.* at 25, 29, specifically contending that TSI was "inaccurately" reporting a "collection item" to LexisNexis despite his cease-and-desist letter, *id.* at 29.

In February 2024, Mr. Long filed this civil action against TSI in the Superior Court of the District of Columbia, and TSI timely removed the matter to federal court. ECF No. 1; ECF No. 1-2, at 9. Mr. Long sought injunctive relief in the form of a declaration that TSI violated the law, a cease-and-desist order against TSI, and "[r]emoval of the reported collection amount from [his] LexisNexis consumer report." ECF No. 1-2, at 16. Mr. Long also requested damages in the amount of $50,000 stemming from "privacy rights violations, harassment, negligence, and stress" as well as TSI's "continued silence." *Id.* TSI moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 5. Mr. Long opposed dismissal, and he also filed motions seeking sanctions, to compel discovery, a default judgment, summary judgment, and to add new exhibits. ECF Nos. 8, 9, 15, 16, 19.

On May 3, 2024, the court granted TSI's motion to dismiss and dismissed the action with prejudice. ECF Nos. 21, 22. The court concluded that Mr. Long's complaint was too vague and conclusory to comply with Rule 8 because he provided too few facts for the court to "discern what exactly occurred and when, []or how the sequence of events relates to the FDCPA," *see* ECF No. 21, at 4; because the "complaint itself [was] devoid of citations to the FDCPA such that neither the court nor TSI [could] 'understand whether a valid claim [was] alleged and if so what it [was],'" *id.* (quoting *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017)); and because his opposition lacked "any factual explanation to clarify how TSI violated the law," *id.* at 4-5. The

court concluded that, to the extent it could discern the nature of Mr. Long's allegations against TSI, they failed to state a claim as a matter of law. *Id.* at 5. The court also rejected Mr. Long's argument that TSI improperly served its motion to dismiss, explaining both that TSI satisfied the statutory standard and that Mr. Long in fact received notice and filed a timely response. *Id.* at 5-6.

## II.   LEGAL STANDARD

Under Rule 60(b), the court may "relieve a party . . . from a final judgment" for one of six reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged" or applying it would "no longer [be] equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). One ground is potentially applicable here: Rule 60(b)(4). "Although Rule 60(b) motions are generally committed to the discretion of the district court . . . 'there is no question of discretion on the part of the court when a motion is under Rule 60(b)(4); if the judgment is void, relief is mandatory.'" *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1179 (D.C. Cir. 2013) (quoting *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987)).

Rule 60(b)(4) authorizes relief from a final order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A "void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Although the Court [has] never delineated the precise limits of voidness, it did make clear that the list of defects that render a judgment void must be 'exceedingly short,' lest 'Rule 60(b)(4)'s exception to finality . . . swallow the rule.'" *United States v. Philip Morris*

*USA Inc.*, 840 F.3d 844, 851 (D.C. Cir. 2016) (second alteration in original) (quoting *United Student Aid Funds, Inc.*, 559 U.S. at 270).  Accordingly, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Lee Mem'l Hosp. v. Becerra*, 10 F.4th 859, 863 (D.C. Cir. 2021) (quoting *United Student Aid Funds, Inc.*, 559 U.S. at 271).  "Where a jurisdictional defect is alleged, relief is usually reserved 'only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction.'" *Micula v. Government of Romania*, 101 F.4th 47, 51 (D.C. Cir. 2024) (quoting *United Student Aid Funds, Inc.*, 559 U.S. at 271).  That "arguable basis" standard is satisfied only where there is a "total want of jurisdiction," not a mere "error in the exercise of jurisdiction." *Lee Mem'l Hosp.*, 10 F.4th at 864 (quoting *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)).

## III.    DISCUSSION

Mr. Long fails to allege the type of "fundamental infirmity" that would void a judgment. *United Student Aid Funds, Inc.*, 559 U.S. at 270.  He first argues that TSI's counsel "failed to properly enter an appearance under Local Civil Rule 101," thus rendering the notice of removal "procedurally defective" and depriving this court of jurisdiction over the case. ECF No. 23, at 1-3. But, as TSI points out, its counsel did properly enter a notice of appearance.  ECF No. 24, at 5. Under the D.C. Superior Court's local rules, "[a]n attorney may enter an appearance on behalf of a party by . . . including the attorney's name on the first pleading or paper filed on behalf of the party."  D.C. Super. Ct. R. Civ. P 101(b)(1)(a).  The Notice of Removal was the first paper that TSI filed, and it includes the attorney's name.  ECF No. 1-3; *see Long v. Transworld Sys. Inc.*, No. 2024-CAB-655 (D.C. Super. Ct. Feb. 28, 2024).

What is more, even if TSI's counsel had failed to properly enter an appearance in compliance with the local rules, that procedural defect could not have implicated *this* court's jurisdiction. When interpreting federal statutes, courts "treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." *Harrow v. Dep't of Defense*, 601 U.S. 480, 484 (2024) (quoting *Boechler v. Comm'r*, 596 U.S. 199, 203 (2022)) (holding that the time-bar provision in a federal statute was non-jurisdictional). Congress has made no such statement here because Mr. Long alleges noncompliance with a court-created local rule, not a congressionally enacted federal statute.[2]

Second, Mr. Long argues that TSI's counsel failed to serve him with the motion to dismiss in violation of his due process rights. ECF No. 23, at 2. But the court already concluded that TSI's counsel properly served the motion by mailing it to Mr. Long's "last known [mailing] address." ECF No. 21, at 6 (quoting Fed. R. Civ. P. 5(b)(2)(C)). The court deemed sufficient the certification from TSI's counsel that he mailed the motion to Mr. Long on March 6, 2024. *Id.*; *see* ECF No. 5-1. And it found that, "[e]ven if delivery was delayed, Mr. Long timely filed an opposition to TSI's motion, which doom[ed] his claim that he 'was unable to effectively defend against [TSI's] allegations.'" ECF No. 21, at 6 (quoting ECF No. 8, at 3).

---

[2] Indeed, under the federal remand statute, Mr. Long must have raised "any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). His failure to do so constitutes a forfeiture of the argument. *See Harris v. U.S. Dep't of Transp. FMCSA*, 122 F.4th 418, 424-25 (D.C. Cir. 2024). Federal courts thus routinely maintain jurisdiction over removed matters even where defendants failed to comply with statutory requirements, much less the type of local procedural rule at issue here. *See Rocha v. Brown & Gould, LLP*, 61 F. Supp. 3d 111, 113-14 (D.D.C. 2014) (concluding that a defendant's failure to include certain documents in its notice of removal as required by the federal removal statute was "a procedural error that does not require remand"); *Flavell v. Marshall*, No. 21-CV-1406, 2022 WL 1088918, at *3 (D.D.C. Mar. 17, 2022) (same).

Mr. Long does not dispute that the address was correct; indeed, it is the same address he continues to use and the same address listed on the other letters he received and uploaded as exhibits. *Compare* ECF No. 5-1, *with* ECF No. 23, at 4, *and* ECF No. 25-1. Nor does he argue that service by mail would not have complied with constitutional due process. *See Jones v. Flowers*, 547 U.S. 220, 226-27 (2006) (noting that the Supreme Court has routinely recognized that service by mail is constitutionally sufficient absent actual knowledge that the attempt at service had failed); *see also* ECF No. 25-1 (exhibits showing that Mr. Jones received letters from TSI's counsel at the listed address). Mr. Long instead argues that he did not receive actual notice of the motion until the court issued an order directing his response. ECF No. 23, at 2. But in this argument Mr. Long concedes that he did eventually receive actual notice, which "more than satisfied [his] due process rights." *United Student Aid Funds, Inc.*, 559 U.S. at 272; *see* ECF No. 21, at 6. Indeed, "due process does not require actual notice." *Jones*, 547 U.S. at 225.

In his reply brief, Mr. Long suggests for the first time that TSI's certification of service was false. ECF No. 25, at 2-3. On his telling, because he received letters from TSI in February and April, *see* ECF No. 25-1, but none in March, TSI must have misrepresented to the court that it sent notice of the motion in March. ECF No. 25, at 1-2. As a matter of basic logic, Mr. Long's evidence that he received letters in February and April is not evidence that TSI sent no letters in March. This court has already deemed sufficient TSI's counsel's certification that counsel mailed the motion to Mr. Long's last known address, ECF No. 21, at 6, and it sees no reason to revisit that conclusion based on Mr. Long's late-breaking and wholly speculative assertion that TSI's counsel

made a misrepresentation to this court.[3] *See Green v. Am. Fed'n of Lab. & Cong. of Indus. Orgs.*, 811 F. Supp. 2d 250, 254 (D.D.C. 2011) (denying a Rule 60(b) motion where the plaintiff "merely put[] forward unsubstantiated, conclusory accusations that the defendants have lied"). Rather, as the court has already recognized, Mr. Long had sufficient opportunity to respond to TSI's motion to dismiss. ECF No. 21, at 6; *see Jordan v. U.S. Dep't of Lab.*, 331 F.R.D. 444, 453 (D.D.C. 2019), *aff'd*, No. 19-5201, 2020 WL 283003 (D.C. Cir. Jan. 16, 2020) (concluding that relief under Rule 60(b)(4) was not warranted where the plaintiff already "had ample opportunity to litigate his case, and this particular issue").

Finally, Mr. Long's argument that this court lacked jurisdiction because he "never consented to the authority of a Magistrate Judge," ECF No. 23, at 2, fails because the undersigned is not a magistrate judge.

### IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Mr. Long's Motion for Relief from Judgment, ECF No. 23, is **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:    June 23, 2026

---

[3] Mr. Long seeks to use his reply brief to argue "in the alternative" that the court should set aside the judgment under Rule 60(b)(3) for "fraud" or "misrepresentation" by TSI. ECF No. 25, at 1-2. But the court entered its judgment in May 2024, *see* ECF No. 22, so even if Mr. Long had raised this claim in his December 2025 Rule 60 motion, which he did not, *see* ECF No. 23, it would be untimely under Rule 60(c)(1)'s one-year time bar.